**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF** <br> **STEPHANIE A. GALLAGHER** <br> **UNITED STATES DISTRICT JUDGE** | **101 WEST LOMBARD STREET** <br> **BALTIMORE, MARYLAND 21201** <br> **(410) 962-7780** <br> **Fax (410) 962-1812** <br> **MDD_SAGchambers@mdd.uscourts.gov** |

February 14, 2022

LETTER OPINION

      Re:  <u>In Re Kira D. Harris, Parent to Minor Child T.C.</u>
           Civil Case No. SAG-22-00367

Dear Ms. Harris:

      On February 11, 2022, Petitioner Kira D. Harris ("Petitioner) filed an emergency motion seeking an order from this Court providing documentary evidence in support of her passport application for her minor child. ECF 1. Upon review of this motion and accompanying exhibits, ECF 1-1, this Court concludes that it is not competent to consider Petitioner's Motion. For the reasons stated below, this Court will transfer this action to the United States District Court for the Eastern District of Virginia.

      Petitioner submitted to the U.S. Department of State an executed application to renew her 12-year-old child's passport in advance of planned international travel. The passport application was neither consented to nor executed by the minor child's father, whom petitioner contends has been absent from hers and her child's lives for several years. The Code of Federal Regulations, Title 22, Section 51.28 provides that passport applications for children under 16 years of age be executed by both parents or legal guardians, unless, as relevant here, the applicant provides "[d]ocumentary evidence that such person is the sole parent or has sole custody of the minor." 22 C.F.R. § 51.28(a)(3)(ii). This documentary evidence may include "[a]n order of a court of competent jurisdiction . . . specifically authorizing the applying parent or legal guardian to obtain a passport for the minor . . . or specifically authorizing the travel of the minor with the applying parent or legal guardian." 22 C.F.R. § 51.28(a)(3)(ii)(E). Here, Petitioner seeks such an order from this Court. ECF 1.

      Upon review of Petitioner's filing, this Court does not believe that it is competent adjudicate Petitioner's claim. Under the applicable regulations, a court of competent jurisdiction is defined as "a U.S. state or federal court or a foreign court located in the minor's home state or place of habitual residence." 22 C.F.R. § 51.28(a)(c). Documents attached to Petitioner's filing indicate that she and her minor child reside in Hampton, Virginia. *See* ECF 1-1 at 4. There is no evidence to suggest that this Court is located in either the minor's home state, or the place of her habitual residence.

      "Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed

In Re Kira D. Harris, Parent to Minor Child T.C.
Civil Case No. SAG-22-00367
February 14, 2022
P a g e | **2**

or noticed." 28 U.S.C. § 1631; *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). The decision to transfer an action to cure want of jurisdiction is committed to the discretion of the court. *See Halim v. Donovan*, 951 F. Supp. 2d 201, 204 (D.D.C. 2013) ("*sua sponte* transfers pursuant to 28 U.S.C. § 1631 are committed to the discretion of the District Court").

This Court believes that it is in the interest of justice to transfer this case to the proper district. Although Petitioner wrongly filed in this district, there is no indication that this error was made in bad faith. Thus, this case will be transferred to the District Court for the Eastern District of Virginia, where the action could have been originally been brought.

Despite the informal nature of this letter, it is an Opinion of the Court and should be docketed accordingly. A separate Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge